UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
WATERMELON EXPRESS, INC.,

                Plaintiff,

        -against-

MARINE PARK FARMERS MARKET, INC.
d/b/a KINGS MEAT a/k/a KINGS PARK
FARMERS MARKET, and
ROCCO RAFANIELLO,

                Defendants.

------------------------------------------------------------x

**ORDER**
Case No. CV-05-4649(FB)(JO)

*Appearance:*
*For the Plaintiff:*
KAREL S. KARPE, Esq.
One Penn Plaza
35th Floor, Suite 3508
New York, NY 10119

**BLOCK, Senior District Judge:**

        On September 30, 2005, plaintiff Watermelon Express, Inc. ("Express") filed a complaint seeking to enforce a statutory trust pursuant to the Perishable Agricultural Commodities Act of 1930 ("PACA"), 7 U.S.C. §§ 499a – 499q. After defendants Marine Park Farmers Market, Inc. and Rocco Rafaniello (collectively "defendants") failed to respond to the complaint or otherwise defend against this action, Express moved for an entry of

1

default, and a default judgment. For the reasons set forth below, the Court directs the Clerk to enter defendants' default on the docket and awards default judgment as to Express. The matter is referred to Magistrate Judge James Orenstein for an inquest on damages and fees.

## I.

Because the docket reveals that defendants have failed to plead or otherwise defend against the present complaint, Express is entitled to entry of default. *See* Fed. R. Civ. P. 55(a). When a party moves for judgment against an adverse party in default, the Court, in its discretion, may enter judgment against the defaulting party. *See* Fed. R. Civ. P. 55(b)(2). Although it is clear that the defendants have defaulted, a court may also consider whether the facts alleged in the complaint state a valid cause of action in determining whether a default judgment should be entered. *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) ("a district court has discretion under [Fed. R. Civ. Pro.] 55(b)(2) once a default is determined to require proof of necessary facts and need not agree that the alleged facts constitute a valid cause of action").

Section 499e of PACA imposes a statutory trust on "any perishable [agricultural] commodities or their derivatives received by a commission merchant, dealer, or broker . . . and [on] any receivables or proceeds from the sale of such commodities or products for the benefit of all unpaid sellers, suppliers, and agents until full payment is made." *D.M. Rothman & Co. v. Korea Comm. Bank of N.Y.*, 411 F.3d 90, 93-94 (2d Cir. 2005). Under PACA, a seller of perishable commodities may file suit against a PACA trustee "to

enforce payment from a trust." 7 U.S.C. § 499e(c)(5). Prior to filing suit, the trust beneficiary must provide "written notice of intent to preserve the benefits of the trust to the commission merchant, dealer, or broker within thirty calendar days ... after expiration of the time prescribed by which payment must be made"; an invoice statement containing both the terms of payment and a statement providing notice that the commodities are being sold subject to the statutory trust suffices to provide the requisite notice. 7 U.S.C. § 499e(c)(3) – (4). Having reviewed the complaint and supporting documents, including the invoices provided by Express to defendants, the Court concludes that Express has stated a valid claim under PACA and that the condition precedent to suit to enforce payment from a statutory trust has been met.

## II.

The Clerk of Court is directed to enter defendants' default on the docket, and default judgment against defendants is granted. The matter is referred to Magistrate Judge James Orenstein for an inquest on damages and legal fees.

**SO ORDERED.**

Frederic Block

FRÉDERIC BLOCK
Senior United States District Judge

Brooklyn, NY
June 14, 2006

3