ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
WATERMELON EXPRESS, INC.,

                Plaintiff,

  -against-

                                **MEMORANDUM AND ORDER**

MARINE PARK FARMER'S MARKET, INC.    Case No. 05-CV-4649 (FB) (JO)
d/b/a KINGS MEAT
a/k/a KINGS PARK FARMERS MARKET,
and ROCCO RAFANIELLO,

                Defendants.
-------------------------------------------------------x

*Appearances:*
*For the Plaintiff:*
KAREL S. KARPE, ESQ.
White and Williams LLP
One Penn Plaza, Suite 3508
New York, New York 10119

**BLOCK, Senior District Judge:**

        On June 14, 2006, the Court granted plaintiff Watermelon Express, Inc.'s motion for default judgment to enforce a statutory trust pursuant to the Perishable Agricultural Commodities Act of 1930 ("PACA"), 7 U.S.C. §§ 499(a) - 499(q). The matter was referred to Magistrate Judge James Orenstein for a recommendation on damages, attorneys' fees and costs. On September 14, 2007, Magistrate Judge Orenstein issued a Report and Recommendation ("R&R") recommending that a default judgment of $51,121,05, comprised of $50,871.05 in unpaid invoices and $250 in costs, be entered in favor of plaintiff. It further recommended denying plaintiff's request for attorneys' fees, pre-judgment interest, and certain costs.

        The R&R recited that "[a]ny objection to this Report and Recommendation

must be filed no later than September 28, 2007," and that "[f]ailure to file objections within this period waives the right to appeal the District Court's order." R&R at 11. Pursuant to Magistrate Judge Orenstein's direction, counsel for plaintiff sent a copy of the R&R to defendants' last known addresses on September 20, 2007.

Defendants have not filed objections, but on September 28, 2007, plaintiff filed a letter contesting the R&R's recommendation that pre-judgment interest, attorneys' fees, and certain costs be denied. Docket Entry 19 (the "September 28 Letter").[1]

## I. Denial of Pre-Judgment Interest

In cases brought under PACA, and "[t]he decision whether to grant prejudgment interest and the rate used if such interest is granted 'are matters confided to the district court's broad discretion.'" *Endico Potatoes, Inc. v. CIT Group/Factoring, Inc.*, 67 F.3d 1063, 1071 (2d Cir. 1995) (*quoting Commercial Union Assurance Co. v. Milken*, 17 F.3d 608, 613-14 (2d Cir. 1994)). Plaintiff has provided neither a proposed award nor a proposed method of calculating such an award and, in its submissions to Magistrate Judge Orenstein, never articulated why an award of pre-judgment interest is warranted; accordingly, the Court, acting in its broad discretion, denies plaintiff's request for pre-judgment interest.

## II. Attorney's Fees

PACA provides two routes by which to recover attorneys' fees. First, when

---

[1] On October 1, 2007, Magistrate Judge Orenstein entered an order noting that "[t]he plaintiff had ample opportunity to supplement the record before" the R&R was issued, and stating that, "[t]o the extent the plaintiff's submission seeks reconsideration of [the R&R], it is not only procedurally improper but also meritless." Electronic Order of October 1, 2007.

2

a reparation order of the Secretary of Agriculture is appealed to a district court and the district court upholds the Secretary's order, the appellee may recover attorneys' fees. *See* 7 U.S.C. § 499g(c). Plaintiff concedes that it cannot recover attorneys' fees under this portion of the PACA statute because it "did not submit evidence of administrative remedies in order to trigger Section 499g(c) of PACA." September 28 Letter.

Attorneys' fees can also be recovered under Section 499e(c)(2) of PACA as "'sums owing in connection with' perishable commodities transactions" so long as "the parties' contracts include a right to attorneys' fees." *Coosemans Specialties, Inc. v. Gargiulo*, 485 F.3d 701, 709 (2d Cir. 2007). Plaintiff submits that it is entitled to recover attorneys' fees "under the terms of [its] invoices." Docket Entry 7 (Karpe Dec. ¶ 17). The invoices are silent as to attorneys' fees. R&R at 10. Nothing else in the record suggests that there was a side agreement regarding fee-shifting. Since plaintiff has not shown that there was a contractual agreement regarding attorneys' fees, its request for such fees is denied.

### III. Additional Costs

Finally, plaintiff objects to the R&R's recommendation that an additional $30.82 in costs be denied because plaintiff had not articulated how the costs were associated with the case.[2] In the September 28 Letter, plaintiff provided additional information regarding these costs, stating that a $3.00 travel cost "was the cost to travel to

---

[2] In a March 14, 2007 letter to Magistrate Judge Orenstein regarding costs and attorney's fees, plaintiff submitted a "Travel Expense" of $3.00 and a "Messenger/Delivery" expense of $25.82, but did not specify how these expenses related to the case.

3

Court to file the Complaint" and that a $27.82 delivery cost was "the cos[t] of federal express [sic] to deliver overnight courtesy copy of the motion for default judgment to the Court." September 28 Letter. In light of these explanations, the Court will add these costs to the amount recommended in the R&R.

In sum, the Clerk shall enter judgment for plaintiff in the amount of $51,151.87, comprised of $50,871.05 in unpaid invoices and $280.82 in costs.

**SO ORDERED.**

/signed/
_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
November 13, 2007